IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL CHAD CORLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 3:18-cv-00485 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Petitioner Michael Chad Corley, proceeding *pro se*, filed a Petition (Doc. No. 1) seeking relief under 28 U.S.C. § 2255 from his conviction (in M.D. Tenn. Case No. 3:13-cr-00097-9) under 21 U.S.C. § 846 for conspiracy to possess with intent to distribute and to distribute Oxycodone, Hydromorphone, and Oxymorphone, Schedule II Controlled Substances; and Buprenorphine, a Schedule II Controlled Substance. The Government filed a response in opposition. (Doc. No. 6). For the reasons stated below, Petitioner's motion to vacate, set aside, or correct sentence will be **DENIED**.

As indicated above, in the underlying federal criminal case Petitioner pleaded guilty (on October 22, 2014) to conspiracy to possess with intent to distribute and to distribute certain Schedule II Controlled Substances. On July 16, 2015, Petitioner was sentenced to 120 months' imprisonment. (Doc. No. 6 at 2). On October 7, 2015, the written judgment (Doc. No. 1169) was entered in Petitioner's criminal case. (*Id.*). Petitioner did not file a direct appeal and did not request an extension of time in which to file such appeal. (*Id.*).

On May 24, 2018, Petitioner filed the § 2255 motion now before this Court for review. In its reply in opposition, the Government requests that the Court dismiss, with prejudice, Petitioner's

1

motion, as untimely filed and lacking any permissible basis for equitable tolling. (Doc. No. 6 at 1).[1]

Under § 2255(f) a federal prisoner has one year in which to file a federal habeas corpus petition. The subsection relevant to Petitioner's present motion states that the limitations period begins to run from "the date on which the judgment of the conviction becomes final." § 2255(f)(1). "[A]n unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Because Petitioner elected not to appeal and did not seek an extension of time to appeal, the limitation period began to run on October 17, 2015, ten days after the entry of the judgment. Thus, the limitation period expired on October 17, 2016.

Under limited circumstances, the period for filing a habeas petition under § 2255(f) may be tolled. *See Roberston v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). To be entitled to equitable tolling, a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir.2003) (citations and internal quotations marks omitted). Under the circumstances, Petitioner fails to show he is entitled to equitable tolling.

---

[1] The Government declined to address Petitioner's substantive arguments, requesting instead that the Court allow the Government 60 days to respond to Petitioner's substantive arguments should it find Petitioner's motion is not time-barred. (Doc. No. 6 at 1).

Petitioner claims that the one-year statute of limitations does not bar his motion, for three reasons:

> "[1] I never knew there was a time frame and I just found this info after going through all my paperwork [2] also just found out about Co-Defendant who appealed about findings of fact regarding drug quantity and courts failed to explain its calculations [3] I never got effective counsel."

(Doc. No. 1 at 12) (alterations in original).[2] Petitioner's arguments as to why the statute of limitations should be tolled are unpersuasive.

First, Petitioner claims that he was not aware of the statute of limitations. It is well established, however, that "[i]gnorance of the law, even by an incarcerated *pro se* petitioner, is not grounds to toll the statute." *Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) (citing *Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005)); *see also Harrison v. I.M.S.*, 56 F. App'x 682, 685 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Bryant v. Westbrooks*, Case No. 3:15-cv-0685, 2018 WL 4210784, at *21 (M.D. Tenn. Sept. 4, 2018) ("The Sixth Circuit has long held that 'ignorance of the law alone is not sufficient to warrant equitable tolling[.]'") (quoting *Cole v. Phillips*, No. 1:17-cv-01105, 2018 WL 1053546, at *4 (W.D. Tenn. Feb. 26, 2018) (citing *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005)); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition.").

Petitioner's second reason that the limitations period should be tolled is also unavailing. His argument that he "just found out about Co-Defendant who Appealed About Findings of fact Regarding Drug quantity and courts failed to explain Its Calculations" (Doc. No. 1 at 12), appears

---

[2] Petitioner's motion includes certain capital words and letters. For the sake of readability, the Court has made alterations here.

to be a recitation of Petitioner's third ground under which he claims that he is being held in violation of his rights. (*See* Doc. No. 1 at 7 ("It is an abuse of discretion not to make sufficient findings of fact regarding drug quantity and to explain its calculations adequately…") (alterations in original)). This argument does not explain Petitioner's lengthy delay and does not constitute a circumstance sufficient to warrant equitable tolling.

Finally, there likewise is no merit to Petitioner's claim that he received ineffective assistance of counsel such that the one-year statute of limitations does not bar his motion. Because movants do not possess a right to counsel in pursuing Section 2255 motions, ineffective assistance of counsel claims do not establish equitable tolling. *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987)); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) ("This Court and others, however, have recently reaffirmed the rule that the Sixth Amendment does not apply to collateral attacks.").

In addition to lacking any extraordinary circumstance entitling Petitioner to equitable tolling, Petitioner also cannot show that he has been pursuing his rights diligently. To the contrary, Petitioner admits that he did not learn about the statute of limitations under § 2255 until he went through his paperwork, suggesting that he waited roughly two years to even review his papers. Thus, any delay was clearly self-induced and the product of Petitioner's own neglect, inattentiveness, and indifference. This Court cannot excuse that Petitioner waited approximately two years and seven months after judgment of the conviction became final to file the present motion. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.") (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). Accordingly, the Court finds that Petitioner's motion is time-barred under § 2255(f).

## **CONCLUSION**

For the reasons discussed herein, Petitioner Michael Chad Corley's motion to vacate, set aside, or correct sentence in accordance with 28 U.S.C. § 2255 (Doc. No. 1) will be **DENIED**. Accordingly, this action will be **DISMISSED**.

An appropriate order shall be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE